# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IVAN CROSSLAND, JR., an individual, | )<br>)|
| Plaintiff, | )<br>) |
| vs. | ) Case No. CIV-16-1218-M<br>) |
| OPPENHEIMER MULTIFAMILY<br>HOUSING & HEALTHCARE<br>FINANCE, INC., a Pennsylvania<br>corporation, | )<br>)<br>)<br>)<br>) |
| Defendant/Third-Party Plaintiff, | )<br>) |
| vs. | )<br>) |
| PETE PATRICK MARRONE,<br>an individual, | )<br>)<br>) |
| Third-Party Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion to Compel Discovery, filed January 5, 2018. On January 26, 2018, defendant/third-party plaintiff Oppenheimer Multifamily Housing & Healthcare Finance, Inc. ("Oppenheimer") filed its response, and on February 2, 2018, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff and third-party defendant Pete Patrick Marrone formed an entity called Wesley Village, LP, to carry out the rehabilitation of an apartment complex in Oklahoma City. Oppenheimer financed the construction project. Oppenheimer's financing was insured by the United States Department of Housing and Urban Development ("HUD"), which would provide its initial endorsement of Oppenheimer's promissory note at the beginning of the construction project and its final endorsement at the project's conclusion. Plaintiff alleges that when renovation of the project was completed months ahead of schedule, Oppenheimer delayed for over a year to honor

its obligation to request HUD's final endorsement on its note. Plaintiff further alleges that Oppenheimer's power to delay the request was a conflict of interest because Oppenheimer's own misconduct gave it a claim under a side agreement with plaintiff for penalty payments if HUD's final endorsement was not received by a date certain.

Plaintiff now moves this Court to compel Oppenheimer to answer interrogatories and produce documents in response to certain of plaintiff's discovery requests seeking information regarding Oppenheimer's routine practices towards other persons similarly situated. Specifically, the following discovery requests are at issue:

> INTERROGATORY NO. 12: Identify each other HUD insured loan for which you acted as a lender from between January 1, 2011 and December 31, 2016. Such identification should not include the name of the borrower or the project but should include your loan number and the HUD project number.
>
> INTERROGATORY NO. 13: For each loan identified in response to Interrogatory No. 12, identify the subset of such loans where you asserted any demand for or received any additional payment as a consequence of the failure to receive a final endorsement from HUD on or before a date certain (the "Penalty Date"), and state the date on which certificates of occupancy were issued for each such loan, the Penalty Date, and the date upon which a list of items requested in connection with the final endorsement was first provided to the borrower.
>
> INTERROGATORY NO. 14: Identify each lawsuit in which You have been a party from 2006 to the present in which any part of the claims or defenses related to Your demand for additional payment as a consequence of the failure to receive a final endorsement from HUD on or before the Penalty Date.
>
> REQUEST FOR PRODUCTION NO. 12: All Documents between You and the borrower or any HUD field office related to final endorsement on any other HUD projects on which HUD issued its final endorsement between January 1, 2011 and December 31, 2016. To the extent the number of such HUD projects exceeds twenty-five, Plaintiff is willing to accept production of Documents related to a statistically significant random sampling of such other projects. Without waiving any right to further production, Plaintiff also

> consents, initially, to the redaction of identifying information save and except Your loan numbers and the HUD project numbers.
>
> REQUEST FOR PRODUCTION NO. 13: All Documents between "You" as [sic] and any obligor alleged to have liability to You under any agreement similar in nature to the Penalty Agreement, where certificates of occupancy were issued by local authorities six (6) months or more before the Penalty Date.

Plaintiff asserts that these discovery requests seek information which is relevant and proportional to the needs of this case. Plaintiff contends the obligation of good faith and fair dealing required reasonable diligence by Oppenheimer in seeking the final endorsement and that Oppenheimer expressly contends that it acted in a timely manner in the ordinary course of business. Plaintiff asserts the discovery sought goes precisely to the issue of Oppenheimer's ordinary course of business and Oppenheimer's routine practices with respect to such matters would have a tendency to show what constitutes reasonable diligence. Plaintiff further asserts that discovery regarding Oppenheimer's handling of the conflict of interest on other HUD loans will reveal one of two things – either (1) Oppenheimer's delay in this case deviated from its ordinary course of business, good faith conduct and diligence in requesting final endorsement, or (2) Oppenheimer's ordinary course of business includes an unconscionable pattern and practice of delaying such requests for the improper purpose of increasing its income from penalty fees. Additionally, plaintiff contends that the discovery sought will lead to discovery of admissible evidence of other acts by Oppenheimer that is admissible under Federal Rule of Evidence 404(b)(2) for the proper purpose of showing the Court and jury what constitutes good faith, diligent efforts to request a final endorsement from HUD. Plaintiff finally contends that the discovery sought is not unduly burdensome.

Oppenheimer contends that the information and documents sought are neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, Oppenheimer contends that

information and documents regarding how Oppenheimer dealt with other obligors for different loans on different projects have no bearing on whether Oppenheimer acted in a commercially reasonable manner in this case.  Further, Oppenheimer asserts that these discovery requests would require it to identify at least seventy-seven construction loans on completely unrelated projects with different obligors totaling $1.2 billion dollars and then to produce from that list "all documents related to final endorsement" for any loan where HUD issued its final endorsement during the subject five-year time period.

>   Federal Rule of Civil Procedure 26(b)(1) provides:
>
>> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Having carefully reviewed the parties' submissions, the Court finds that the information and documents sought through the discovery requests at issue are relevant, proportional to the needs of this case, and do not subject Oppenheimer to any undue burden.  Oppenheimer has raised the issue of its ordinary course of business in its motion for summary judgment.  The Court finds that the discovery sought is directly relevant to the issue of Oppenheimer's ordinary course of business.  The Court further finds that the documents requested are not so voluminous as to be unduly burdensome to produce.  In fact, in his requests for production, plaintiff states that "[t]o the extent the number of such HUD projects exceeds twenty-five, Plaintiff is willing to accept

production of Documents related to a statistically significant random sampling of such other projects." Request for Production No. 12.

Accordingly, the Court GRANTS plaintiff's Motion to Compel Discovery [docket no. 25] and ORDERS Oppenheimer to answer interrogatories 12-14 and produce documents in response to requests for production 12 and 13 by March 16, 2018.

**IT IS SO ORDERED this 2nd day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE