# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IVAN CROSSLAND, JR., an individual, | ) |
|     Plaintiff/Counter Defendant, | ) ) ) |
| vs. | ) )   Case No. CIV-16-1218-M |
| OPPENHEIMER MULTIFAMILY HOUSING & HEALTHCARE FINANCE, INC., a Pennsylvania corporation, | ) ) ) ) |
|     Defendant/Third-Party Plaintiff/ Counter Plaintiff, | ) ) ) |
| vs. | ) ) |
| PETE PATRICK MARRONE, an individual, | ) ) ) |
|     Third-Party Defendant. | ) |

## **ORDER**

Before the Court is plaintiff/counter defendant Ivan Crossland, Jr.'s ("Crossland") Motion for Attorneys' Fees, filed July 12, 2018. On August 2, 2018, defendant/third-party plaintiff/counter plaintiff Oppenheimer Multifamily Housing & Healthcare Finance, Inc. ("Oppenheimer") filed its response, and on August 16, 2018, Crossland filed his reply. Based upon the parties' submissions, the Court makes its determination.

On June 28, 2018, this Court granted Crossland's Counter-Motion for Summary Judgment and entered judgment in favor of Crossland and against Oppenheimer. Crossland now moves this Court for an award of his attorneys' fees against Oppenheimer. Specifically, Crossland asserts that the agreement in this case contains an attorney fee provision which is unconscionable unless construed to allow attorneys' fees to either party, not just to Oppenheimer. Additionally, Crossland asserts that as the prevailing party, he is entitled to attorneys' fees under both Okla. Stat. tit. 12, §

936 and Okla. Stat. tit. 15, § 276.  Oppenheimer objects to Crossland's motion and contends that (1) the agreement in this case does not support a fee award to Crossland and cannot be rewritten in order to support such an award, and (2) the statutes cited by Crossland must be strictly construed and are inapplicable to this dispute.

I.      Agreement

The Extension Discount Agreement provides, in pertinent part:

> [Crossland] agree[s] to pay to [Oppenheimer] all reasonable attorneys' fees and all costs and other expenses incurred by [Oppenheimer] or its successors or assigns in collecting any amount not paid when due hereunder or in enforcing the Agreement against [Crossland].

Extension Discount Agreement, attached as Exhibit 3 to Oppenheimer's Motion for Summary Judgment and Brief in Support, at 2, ¶ 3 [docket no. 21-3].  Crossland asserts that the above fee provision is unconscionable and that this Court should remedy the unconscionability by treating the provision as mutual and bilateral.

Having reviewed the parties' submissions, and assuming that the above fee provision is unconscionable, the Court finds that the appropriate remedy would not be to rewrite the provision to make it mutual and bilateral, but would be to sever the fee provision from the Extension Discount Agreement and not enforce it as to either party.  Oklahoma courts, as well as numerous other state and federal courts, have found that the appropriate remedy when there is an unconscionable provision is to sever, not rewrite, the provision from the remainder of the contract. *See Hargrave v. Canadian Valley Elec. Co-op., Inc.*, 792 P.2d 50, 60 (Okla. 1990); *Hahn v. Massage Envy Franchising, LLC*, No. 12cv153 DMS (BGS), 2014 WL 5100220, at *6 (S.D. Cal. Sept. 25, 2014) ("the unconscionability doctrine does not allow courts to rewrite agreements and impose terms to which neither party has agreed").

2

Accordingly, the Court finds that Crossland is not entitled to attorneys' fees based upon the fee provision in the Extension Discount Agreement.

II. Okla. Stat. tit. 12, § 936

Okla. Stat. tit. 12, § 936(A) provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Okla. Stat. tit. 12, § 936(A).

Crossland asserts that he is entitled to attorneys' fees as the prevailing party against Oppenheimer on its counterclaim, which was an action to recover on a statement of account. Oppenheimer contends that its counterclaim was not an attempt to recover on a "statement of account" under § 936(A) but was for breach of contract. Specifically, Oppenheimer contends that the sole basis for its breach of contract claim was that extension fees had accrued under the Extension Discount Agreement and that Crossland refused to pay them. Oppenheimer asserts that § 936(A) must be construed narrowly and does not apply to this case simply because Oppenheimer chose to send invoices itemizing the amounts owed pursuant to the agreement.

Having carefully reviewed the parties' submissions, the Court finds that Crossland is not entitled to attorneys' fees under § 936(A). Specifically, the Court finds that Oppenheimer's counterclaim was not an action to recover on a statement of account but was an action for breach of the Extension Discount Agreement. Oppenheimer's mere sending of invoices to Crossland does not alter the nature of the action brought in Oppenheimer's counterclaim.

III.     Okla. Stat. tit. 15, § 276

Crossland asserts that he prevailed against Oppenheimer on its claim for payment of money after default and, thus, is entitled to an award of attorneys' fees under Okla. Stat. tit. 15, § 276. Crossland contends that the liquidated sums which Oppenheimer sought after default in connection with a loan transaction are plainly within the meaning and spirit of § 276. Oppenheimer contends that this case does not involve an effort to collect upon an obligation to repay money after default under § 276. Specifically, Oppenheimer asserts that it did not loan Crossland any money in connection with the Extension Discount Agreement or otherwise and that it sought to recover fees that accrued over time pursuant to the Extension Discount Agreement.

Okla. Stat. tit. 15, § 276 provides:

> In any civil action to collect upon an obligation to repay money after default, the party prevailing on such cause of action shall be awarded a reasonable attorney's fee. This attorney's fee shall be assessed by the court as costs against the losing party.

Okla. Stat. tit. 15, § 276. Chapter 6, in which § 276 is found, is entitled "Loan of Money." For § 276 to apply, there must be (1) an obligation to repay money, and (2) a default of that obligation. *See Phelps v. Clark*, 243 P.3d 465, 466 (Okla. Civ. App. 2010). "The title of the Chapter and the wording of the statute suggest that a loan of some kind be involved, or, at a minimum, that a liquidated sum is due and has not been repaid." *Id.*

Having carefully reviewed the parties' submissions, as well as the court file in this case, the Court finds that Crossland is not entitled to attorneys' fees under § 276. Specifically, the Court finds that Oppenheimer did not loan Crossland any money in connection with the Extension Discount Agreement or otherwise. Oppenheimer loaned Wesley Village, LP money for the rehabilitation of an apartment complex. Crossland provided a personal guarantee for the payment

4

of the final endorsement extension fees. Based upon these facts, the Court finds that § 276 does not apply.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Crossland's Motion for Attorneys' Fees [docket no. 60].

**IT IS SO ORDERED this 28th day of September, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE